**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BESHOY ASHRAF FAYEZ GUIRGUIS,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | ) | 3:26-cv-01548 |

**MEMORANDUM ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Egypt, is currently being detained at Moshannon Valley Processing Center. (*Id*. at 2). Petitioner was admitted to the United States on a B-2 nonimmigrant visitor visa on November 26, 2024, which expired on May 25, 2025. (*Id*. at 3). Petitioner was arrested on August 7, 2026, as he attempted to board a domestic flight from John F. Kennedy International Airport. (*Id*. at 4). Petitioner also filed a Motion for a Temporary Restraining Order (ECF No. 3), which was denied by the Court in a text order on August 20, 2026, (ECF No. 11).

Respondents filed two Responses: (1) a Response in opposition to Petitioner's Motion for a Temporary Restraining Order (ECF No. 9) and (2) a Response to the Petition for Writ of Habeas Corpus (ECF No. 10).

Without ruling on the Petition for Writ of Habeas Corpus, the Court entered an order on August 20, 2026, requiring Respondents to file the results of Petitioner's August 20, 2026 bond hearing. (ECF No. 12). On August 24, 2026, Respondent's complied with that order, filing the results of Petitioner's August 20, 2026 bond hearing at ECF No. 13.

Petitioner was denied bond by Order of the Immigration Judge because "there is no amount of bond that will ensure that respondent is likely to appear for any scheduled proceeding." (ECF No. 13 at 4). Petitioner has now filed a Response (ECF No. 14) to the Respondent's Response to Petition for Writ of Habeas Corpus.

In Petitioner's Response, he argues that he was denied an individualized custody determination at the time of his arrest as required by 8 C.F.R. § 236.1(c)(8) and the "*Velesaca* Settlement," thus denying him Due Process. (ECF No. 14 at 4). The "*Velesaca* Settlement" originates from *Velesaca v. Decker*, No. 20-cv-1803, Dkt. 177 (S.D.N.Y. Mar. 10, 2022). This settlement applies to the New York City ICE Field Office. *A.P.A. v. Arteta*, 26-cv-334, 2026 WL 1587452, at *2, n.1 (S.D.N.Y. June 3, 2026). It requires ICE to conduct individualized custody determinations for every covered noncitizen. *Id*. at *2. The settlement was meant to remedy a purported "no-release" policy. *Id*.

Respondents attached as an exhibit the INA § 236(a) Initial Custody Determination made by the New York City ICE Field Office in their initial Response to the Petition for Writ of Habeas Corpus. (ECF No. 10-5, at 2). The instructions of that form explicitly cite the *Velesaca* settlement. *(Id.)*. ICE decided to detain Petitioner upon a finding that Petitioner has not established that he does not pose a flight risk because he does not "have ties to the community." (*Id*. at 3).

Petitioner also claims that the bond hearing held on August 20, 2026, did not remedy the Due Process violation he suffered upon arrest. (ECF No. 14 at 7). Petitioner argues that the IJ's individualized weighing of the record should not be accorded any deference because no weighing actually occurred. (*Id*.).

The undersigned treated this response at ECF No. 14 as a Motion claiming that the bond hearing, which has now been held, did not comply with Due Process. (ECF No. 15). In conjunction

with that finding, the Court Ordered the Respondents to Show Cause as to why the August 20, 2026, bond hearing did not violate the Petitioner's Constitutional rights, and also Ordered Petitioner to show cause, to the extent Petitioner asserts that ICE actions violated a court-approved settlement in *Velesaca*, why that should not be addressed to the Court which resolved those matters. (*Id.*).

Respondents argue first that this Court may not review the IJ's discretionary and fact-based determination that Petitioner is a flight risk (ECF No. 17, at 4), and second, that Petitioner did in fact receive a constitutionally adequate bond hearing (*id.* at 12).

At the outset the Court notes that it would appear ICE did comply with the *Velesaca* Settlement by deciding to detain Petitioner because he had not proved that he did not pose a flight risk. (ECF No. 10-5, at 3). But even if there was a reviewable error committed by the ICE field office in that respect, the error was remedied by the bond hearing held on August 20, 2026.

A district court is limited to reviewing "the adequacy of process" the petitioner received at his bond hearing and cannot second guess "any discretionary determinations underlying the IJ's bond decision[.]" *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) (unreported). A bond hearing complies with Due Process when "[a]n alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) [is] allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Id.* (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001)).

"A bond hearing is individualized 'if it is not so arbitrary that it would offend fundamental tenants of due process' and 'if there is a discernable rational basis for the underlying administrative decision, and the immigration judge applies the correct legal standards[.]'" *Zheng v. Rokosky*, 826

F. Supp. 3d 545, 556 (D.N.J. 2026) (quoting *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 395711, at *2 (E.D. Pa. Feb. 12, 2026)).

At the August 20, 2026 bond hearing, Petitioner's counsel presented evidence on Petitioner's behalf. (ECF No. 17-2, at 8). To prove Petitioner was not a flight risk, counsel pointed to the fact that Petitioner is a dentist in Egypt and that he is seeking to become a certified dentist in the United States, as well. (*Id.*). After the Government presented their evidence, Petitioner's counsel was given—and took—the opportunity to respond to the Government's evidence. (*Id.* at 11).

After hearing evidence from both Petitioner and the Government, the IJ denied bond upon a finding that no amount of bond will ensure that [Petitioner] is likely to appear for any scheduled proceeding." (ECF No. 17-1, at 2). To support this decision, the IJ cited Petitioner's lack of family ties to the United States. (ECF No. 17-2, at 14). The IJ also found that Petitioner's path to relief from a removal order was suspect because there was no application for asylum entered into evidence. (*Id.*). Ultimately, the IJ found that the prospect of Petitioner receiving a "professional credential that would allow him to stay … in the United States[,]" while intriguing, was outweighed by Petitioner's lack of community ties. (*Id.*).

Petitioner did receive a constitutionally adequate bond hearing. The IJ heard evidence from the Petitioner through counsel, considered both the positives and negatives in that evidence, and decided that Petitioner was a flight risk while referencing the arguments made by Petitioner. *See Quinteros*, 784 F. App'x at 78 (finding bond hearing satisfied Due Process where petitioner was given opportunity to make arguments on their own behalf and the IJ issued "an assessment particular to" the details of the petitioner's case); *Zheng*, 826 F. Supp. 3d at 558 (finding bond

hearing was not constitutionally adequate where "IJ did not provide even a minimal articulation of the basis of her decision.").

Petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 10, at 2). Under that statute and its implementing regulations he is entitled to a "prompt bond hearing." *Borbot, v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). The record reflects that an individualized custody determination has been made with respect to the Petitioner in this case. Once, by the New York City ICE Field office when Petitioner was arrested (ECF No. 10-5, at 3), and twice, by the IJ at a prompt bond hearing held on August 20, 2026 (ECF No. 17-1, at 2). Petitioner has been provided the process he is entitled to.

AND NOW, this 16th day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is DENIED.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2026